## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDY RICKETTS | CIVIL ACTION |
| Plaintiff, | NO: 15-4726 |
| v. | |
| BIEBER TIME TOURING, LLC, c/o TSG FINANCIAL MANAGEMENT, LLC; BIEBER TIME MERCHANDISE, LLC, c/o TSG FINANCIAL MANAGEMENT, LLC; JUSTIN BIEBER, c/o TSG FINANCIAL MANAGEMENT, LLC; AND PATRICIA MALLETTE, c/o TSG FINANCIAL MANAGEMENT, LLC | |
| Defendants. | |

## ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

Defendants, Bieber Time Touring, LLC, Bieber Time Merchandise, LLC, Justin Bieber, and Patricia Mallette (hereinafter, "Answering Defendants"), by and through their attorneys, White and Williams LLP, hereby submit the following Answer with Affirmative Defenses to Plaintiff's Complaint and state as follows:

1.    Admitted to the best of Answering Defendants' knowledge.

2.    Denied as stated. At all times material hereto, Answering Defendant, Bieber Time Touring, LLC, was a Delaware corporation with a principal place of business located in the State of Georgia.

3.    Denied as stated. At all times material hereto, Answering Defendant, Bieber Time Merchandise, LLC, was a Delaware corporation with a principal place of business located in the State of Georgia.

-2-

4.     Admitted in part; denied in part. It is only admitted that Justin Bieber is an adult individual. Mr. Bieber is a citizen of Canada who resides in the State of California.[1] All remaining allegations, including those pertaining to alleged agency, ownership, management and/or control, are specifically denied as conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations of this paragraph are denied and strict proof thereof is demanded at the time of trial. Any and all allegations pertaining to an alleged contract with AEG Live, LLC, dated January 31, 2012, and any amendments related thereto, pertaining to a series of concerts identified as "the Justin Bieber Believe tour" are denied insofar as the contract(s) are writings which speak for themselves and constitute the best evidence of their content.

5.     Admitted in part; denied in part. It is only admitted that Patricia Mallette is an adult individual. Ms. Mallette is a citizen of Canada who resides in the State of Hawaii. All remaining allegations, including those pertaining to alleged agency, ownership, management and/or control, are specifically denied as conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations of this paragraph are denied and strict proof thereof is demanded at the time of trial. Any and all allegations pertaining to an alleged contract with AEG Live, LLC, dated January 31, 2012, and any amendments related thereto, pertaining to a series of concerts identified as "the Justin Bieber Believe tour" are denied insofar as the contract(s) are writings which speak for themselves and constitute the best evidence of their content.

---

[1] Defendants' counsel, in its Notice of Removal, mistakenly characterized Justin Bieber as a citizen of California. As stated in this Answer, Defendant, Justin Bieber, is a citizen of Canada who *resides* in the State of California. Notwithstanding this clarification, removal of this case to federal court was/is proper pursuant to 28 U.S.C. §§ 1441, *et seq.* based on complete diversity of citizenship between the parties.

15843761v.1

-3-

6.      Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph.

7.      Denied. The allegations in this paragraph state conclusions of law to which no response is required. By way of further answer, the allegations of agency are not sufficiently specific to permit Answering Defendants to respond. In particular, Plaintiff fails to identify the alleged agents, their agency relationship, and the scope of the alleged agent's authority and, therefore, all allegations of agency are denied. To the extent a response is deemed required, all allegations of agency are specifically denied and strict proof thereof is demanded at the time of trial. By way of further answer, Answering Defendants incorporate by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

8.      Denied. The allegations in this paragraph state conclusions of law to which no response is required. It is specifically denied that Answering Defendants, Bieber Time Merchandise, LLC, Justin Bieber, and/or Patricia Mallette, owed the Plaintiff a duty as alleged and all such allegations are denied. Additionally, Answering Defendant, Bieber Time Touring LLC, after reasonable investigation, is without knowledge or information with regard to the specific claimed hazardous defect and condition and/or the exact location of Plaintiff's fall and the premises involved and, therefore, all allegations of legal duty are denied at this time. By way of further answer, Answering Defendants incorporate by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

9.      Denied. The allegations in this paragraph state conclusions of law to which no response is required. All allegations of the existence of a dangerous condition and actual or constructive knowledge of such alleged dangerous condition are denied. By way of further

15843761v.1

answer, Answering Defendants incorporate by reference the answer to paragraph 8 of Plaintiff's Complaint, as well as the Affirmative Defenses set forth below, as though the same were fully set forth at length herein.

10.     Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is deemed required, all allegations contained in this paragraph are specifically denied and strict proof thereof is demanded at the time of trial. It is further specifically denied that any obstructions, defects and/or irregularities existed and/or created a dangerous condition at the subject premises on the date in question. By way of further answer, Answering Defendants incorporate by reference their answers to paragraphs 8 and 9 of Plaintiff's Complaint, as well as the Affirmative Defenses set forth below, as though the same were fully set forth at length herein.

11.     Denied. The allegations in this paragraph state conclusions of law to which no response is required. By way of further answer, all allegations of causation and damages are denied. To the extent a response is deemed required, all allegations contained in this paragraph are specifically denied and strict proof thereof is demanded at the time of trial. It is further specifically denied that any defective or hazardous condition existed at the subject premises on the date in question. By way of further response, Answering Defendants incorporate by reference their answers to paragraphs 8 through 10 of Plaintiff's Complaint, as well as the Affirmative Defenses set forth below, as though the same were fully set forth at length herein.

## COUNT I
## SANDY RICKETTS vs. DEFENDANTS

12.     Answering Defendants incorporate by reference their answers to paragraphs 1 through 11 of Plaintiff's Complaint as though the same were fully set forth at length herein.

15843761v.1

13.    Denied. The allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is deemed required, all allegations contained in this paragraph are specifically denied and strict proof thereof is demanded at the time of trial. It is further specifically denied that any defective or hazardous condition existed at the subject premises on the date in question and/or that Answering Defendants, or any of their agents, servants, workmen, or employees, violated a duty of care owed to Plaintiff. Answering Defendants incorporate by reference their answers to paragraphs 8 and 9 of Plaintiff's Complaint as though the same were fully set forth at length herein. By way of further answer, Answering Defendants deny, after reasonable investigation, actual or constructive knowledge of any claimed dangerous condition on the subject premise, as well as the existence of such claimed dangerous condition. By way of further answer, Answering Defendants incorporate by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

14.    Denied. The allegations in this paragraph and subparagraphs state conclusions of law to which no response is required. To the extent a response is deemed required, all allegations contained in this paragraph and subparagraphs are specifically denied and strict proof thereof is demanded at the time of trial. It is further specifically denied that any defective or hazardous condition existed at the subject premises on the date in question and/or that Answering Defendants, or any of their agents, servants, workmen, or employees, violated a duty of care owed to Plaintiff. By way of  further answer, Answering Defendants incorporate by reference their answers to paragraphs 8, 9, and 13 of Plaintiff's Complaint as though the same were fully set forth at length herein. All allegations of negligence, including the allegations set forth in subparagraphs (a)-(p) are denied. Answering Defendant incorporates by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

15843761v.1

-6-

15-18. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in these paragraphs as it pertains to the nature and extent of Plaintiff's alleged injuries. All allegations of damages and causation are denied at this time. The remaining allegations of these paragraphs state conclusions of law to which no response is required. To the extent a response is deemed required, all allegations contained in these paragraphs are specifically denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants respectfully request that judgment be entered in their favor and against Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Compliant, in whole or in part, fails to state a cause of action upon which relief can be granted as to each of the Answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

The injuries sustained by Plaintiff may have been caused, in whole or in part, or may have been contributed to by the actions and/or negligence of Plaintiff and, accordingly, any claim for damages is barred, or the damages recoverable herein must be reduced in accordance with, the provisions of the Pennsylvania Comparative Negligence Act.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of her alleged injuries.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, collateral estoppel, *res judicata*, by an accord and satisfaction, and/or release of some or all claims.

15843761v.1

**FIFTH AFFIRMATIVE DEFENSE**

The dangerous condition, as alleged to have existed in Plaintiff's Complaint, may have been open and/or obvious to Plaintiff and, therefore, Answering Defendants owed no duty to Plaintiff under the circumstances.

**SIXTH AFFIRMATIVE DEFENSE**

Answering Defendants, Bieber Time Merchandise, LLC, Justin Bieber, and Patricia Mallette, owed no legal duty to the Plaintiff under the circumstances.

**SEVENTH AFFIRMATIVE DEFENSE**

Answering Defendants, Bieber Time Merchandise, LLC, Justin Bieber, and Patricia Mallette, did not have actual or constructive knowledge of any alleged dangerous condition, the existence of which is denied, on the subject premises prior to or at the time in question.

**EIGHTH AFFIRMATIVE DEFENSE**

Answering Defendant, Bieber Time Touring, LLC, did not have actual or constructive knowledge of any alleged dangerous condition on the subject premises prior to or at the time in question and this constitutes a complete defense to the within cause of action.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint may be barred by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered any injuries and/or any damages as is alleged in Plaintiff's Complaint, all of which are specifically denied, then said injuries and losses may have been caused solely by the negligence of third parties or other persons over whom Answering Defendants exercised no control or right of control and for whose negligent conduct, if proven, Answering Defendants are not liable.

-7-

15843761v.1

-8-

WHEREFORE, Answering Defendants respectfully request judgment be entered in their

favor and against Plaintiff.


                                        **WHITE AND WILLIAMS LLP**
                                        **Attorneys for Defendants,**

                        **BY:**    _____**3209**_____
                                        **Andrew F. Susko, Esquire**
                                        **Daniel J. Ferhat, Esquire**
                                        *Attorney ID Nos. 35664/89174*
                                        **1650 Market Street**
                                        **One Liberty Place, Suite 1800**
                                        **Philadelphia, PA 19103**
                                        **(215) 864-6228/6297**
                                        **suskoa@whiteandwilliams.com**
                                        **ferhatd@whiteandwilliams.com**


**Dated:  September 1, 2015**

15843761v.1

## CERTIFICATE OF SERVICE

I, Andrew F. Susko, Esquire, hereby certify that a true and correct copy of the foregoing

Answer to Plaintiff's Complaint was filed via the Eastern District Court's ECF Filing System and

served upon counsel listed below by the Court's ECF filing system and is available for viewing

and downloading.

Jeffrey R. Lessin, Esquire
Mark T. Richter, Esquire
Jeffrey R. Lessin & Associates, P.C.
1515 Market Street, Suite 714
Philadelphia, PA 19102

**WHITE AND WILLIAMS LLP**
**Attorneys for Defendants,**

BY:        3209

**Andrew F. Susko, Esquire**
**Daniel J. Ferhat, Esquire**
*Attorney ID Nos. 35664/89174*
**1650 Market Street**
**One Liberty Place, Suite 1800**
**Philadelphia, PA 19103**
**(215) 864-6228/6297**
**suskoa@whiteandwilliams.com**
**ferhatd@whiteandwilliams.com**

**Dated: September 1, 2015**

15843761v.1