UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDY RICKETTS,<br>        Plaintiff,<br>    v.<br>BIEBER TIME TOURING, LLC<br>c/o TSG FINANCIAL MANAGEMENT, LLC, and<br>BIEBER TIME MERCHANDISE, LLC<br>c/o TSG FINANCIAL MANAGEMENT, LLC, and<br>JUSTIN BIEBER, c/o TSG FINANCIAL MANAGEMENT, LLC, and<br>PATRICIA MALLETTE, c/o TSG FINANCIAL MANAGEMENT, LLC<br>        Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action<br><br>No.: 2:15-cv-04726 TJS |
| SANDY RICKETTS,<br>        Plaintiff,<br>    v.<br>CITY OF PHILADELPHIA,<br>c/o CITY LAW DEPARTMENT and<br>COMCAST SPECTACOR, LP, and<br>COMCAST SPECTACOR, INC., and<br>GLOBAL SPECTRUM, LP, and<br>GLOBAL SPECTRUM, INC., and<br>AEG LIVE PRODUCTIONS, LLC<br>        Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action<br><br>No.: 2:15-cv-05036 TJS |

## ORDER

**AND NOW**, this _____ day of _____, 2015, upon consideration of the Plaintiff's Motion to Consolidate Actions, together with any answer thereto, it is hereby **ORDERED** and **DECREED** that said motion is **GRANTED**, and the above two captioned actions are consolidated for purposes of discovery and trial, with the lead case being <u>Sandy Ricketts V. Bieber Time Touring, LLC  c/o TSG Financial Management, LLC et al</u> Case No.: No.: 2:15-cv-04726 TJS.

It is further ORDERED and DECREED that the consolidated cases are remanded to the Philadelphia Court of Common Pleas for further proceedings including discovery and trial.

BY THE COURT:

_____
                                                               J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDY RICKETTS,<br>    Plaintiff,<br>    v.<br>BIEBER TIME TOURING, LLC<br>c/o TSG FINANCIAL MANAGEMENT, LLC, and<br>BIEBER TIME MERCHANDISE, LLC<br>c/o TSG FINANCIAL MANAGEMENT, LLC, and<br>JUSTIN BIEBER, c/o TSG FINANCIAL MANAGEMENT, LLC, and<br>PATRICIA MALLETTE, c/o TSG FINANCIAL MANAGEMENT, LLC<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action<br><br>No.: 2:15-cv-04726 TJS |
| SANDY RICKETTS,<br>    Plaintiff,<br>    v.<br>CITY OF PHILADELPHIA,<br>c/o CITY LAW DEPARTMENT and<br>COMCAST SPECTACOR, LP, and<br>COMCAST SPECTACOR, INC., and<br>GLOBAL SPECTRUM, LP, and<br>GLOBAL SPECTRUM, INC., and<br>AEG LIVE PRODUCTIONS, LLC<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action<br><br>No.: 2:15-cv-05036 TJS |

### PLAINTIFF'S MOTION TO CONSOLIDATE ACTIONS AND REMAND TO PHILADELPHIA COURT OF COMMON PLEAS

Plaintiff, **SANDY RICKETTS** (hereinafter **"Plaintiff"**), by and through his undersigned attorneys, hereby files the instant Motion to Consolidate Actions, requesting that Plaintiff's action captioned at U.S. District Ct., E.D.Pa. **2:15-cv-05036 TJS** be consolidated with Plaintiff's action captioned at U.S. District Ct., E.D.Pa. **2:15-cv-04726 TJS**    In this regard, Plaintiff avers as follows:

## Count I- Motion for Consolidation

1. These cases both arise out of a personal injury suffered by Plaintiff, **SANDY RICKETTS,** on July 17, 2013, while attending a Justin Bieber concert with her granddaughter at the Wells Fargo Center in Philadelphia, PA. Ms. Ricketts tripped and fell over electrical cables laid across the aisle in the seating area inside the concert venue. Suit was filed initially in the Philadelphia Court of Common Pleas against the Defendants, **CITY OF PHILADELPHIA, c/o CITY LAW DEPARTMENT, COMCAST SPECTACOR, LP, COMCAST SPECTACOR, INC., GLOBAL SPECTRUM, LP, GLOBAL SPECTRUM, INC., and AEG LIVE PRODUCTIONS, LLC** .

2. During the course of discovery, Plaintiff was provided with the identities of other business entities who may have been responsible for laying the electrical cable that caused Plaintiff's fall. Plaintiff then filed a second action in the Philadelphia Court of Common Pleas, **SANDY RICKETTS v. BIEBER TIME TOURING, LLC c/o TSG FINANCIAL MANAGEMENT, LLC, BIEBER TIME MERCHANDISE, LLC c/o TSG FINANCIAL MANAGEMENT, LLC, JUSTIN BIEBER, c/o TSG FINANCIAL MANAGEMENT, LLC, and PATRICIA MALLETTE, c/o TSG FINANCIAL MANAGEMENT, LLC**.

3. This second lawsuit was removed to this Court by Defendants due to diversity of citizenship, and assigned case number **2:15-cv-04726 TJS**  A true and correct copy of the Notice of Removal and complaint are attached hereto as Exhibit "A".

4. Subsequent to this removal, Defendant, **AEG LIVE PRODUCTIONS,**

LLC, in the Philadelphia Court litigation, also removed that lawsuit to this Court based on diversity of citizenship and assigned case number: **No.: 2:15-cv-05036 TJS**. A true and correct copy of the aforesaid Notice of Removal and Complaint is attached hereto as Exhibit "B".

      5.      This motion seeks consolidation of the two above-captioned actions, which arise out of the same incidents and involve "a common question of law or fact." See Fed.R.Civ.P. 42(a).

      6.      Rule 42 (a) of the Federal Rules of Civil Procedure provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed.R.Civ.P. 42(a).

      7.      The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971).

      8.      Rule 42(a) permits a district court to consolidate separate actions when they involve "a common question of law or fact." Fed.R.Civ.P. 42(a). Even if there are some questions that are not common, consolidation is not precluded. Batazzi v. Petroleum Helicopters, Inc., 664 F.2d 49, 50 (5th Cir. 1981); See Central Motor Co. v. United States, 583 F.2d 470 (10th Cir. 1978).

9. Common questions of law and fact abound in these cases. Indeed, they allege the identical set of facts and circumstances, only against different parties. This case is therefore particularly appropriate for consolidation.

10. A court has broad discretion in determining whether consolidation is practical. Atlantic States Legal Foundation Inc. v. Koch Refining Co., 681 F. Supp 609, 615 (D. Minn. 1988). In exercising this discretion, a court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985); Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).

11. Consolidation offers efficiency and convenience in this case.

12. Consolidation will result in one trial which will bind all parties. This will save time and avoid unnecessary costs to the Defendants, the Plaintiff, and witnesses who would otherwise be required to testify in both cases, and this Honorable Court.

13. Consolidation will not delay the disposition of this case. In fact, it will minimize delays.

14. This motion/petition seeks a consolidation of these two cases under Fed.R.Civ.P. 42(a).

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter an Order which consolidates the above two matters which arise out of the same incident and involve a common question of law or fact.

## Count II- Motion for Remand to State Court

15. Plaintiff hereby incorporates by reference paragraphs 1 thorugh 13 inclusive as though fully set forth at length herein.

16. Federal Rule of Civil Procedure 1441 (b) provides as follows

   (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. **Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought**. (emphasis added)

17. In case No.: 2:15-cv-05036 TJS, Defendants, **CITY OF PHILADELPHIA, c/o CITY LAW DEPARTMENT, COMCAST SPECTACOR, LP, COMCAST SPECTACOR, INC., GLOBAL SPECTRUM, LP, and GLOBAL SPECTRUM, INC.**, are all citizens and residents of the County of Philadelphia and Commonwealth of Pennsylvania, the forum state in which this action was originally brought.

18. In addition ,the incident in question took place in the County of Philadelphia, Commonwealth of Pennsylvania, the forum state in which this action was originally brought.

19. The Defendants in this action do no have proper removal jurisdiction under  Federal Rule of Civil Procedure 1441 (b), and these consolidated cases should be remanded to the Philadelphia Court of Common Pleas.

20. Rule 1447(c)  of the Federal Rules of Civil Procedure provides for

a remand of actions removed to Federal Court if filed within 30 days of removal. The consolidated action involving the five Philadelphia Defendants was removed on September 30, 2015 and this Motion has been filed in a timely manner.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter an Order which remands the consolidated cases back to the Philadelphia Court of Common Pleas for further proceedings and trial.

Respectfully submitted,

JEFFREY R. LESSIN & ASSOCIATES, P.C.


By:   */s/ Jeffrey R. Lessin*
      JEFFREY R. LESSIN, ESQUIRE
      MARK T. RICHTER, ESQUIRE
      JEFFREY R. LESSIN & ASSOCIATES, P.C.
      Pa. Atty Nos. 43801 and 45195
      1515 Market Street, Suite 714
      Philadelphia, Pa 19102
      (215) 599-1400

October 9, 2015

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SANDY RICKETTS, | : | Civil Action |
| Plaintiff, | : | |
| v. | : | No.: 2:15-cv-04726 TJS |
| BIEBER TIME TOURING, LLC | : | |
| c/o TSG FINANCIAL MANAGEMENT, | : | |
| LLC, and | : | |
| BIEBER TIME MERCHANDISE, LLC | : | |
| c/o TSG FINANCIAL MANAGEMENT, | : | |
| LLC, and | : | |
| JUSTIN BIEBER, c/o TSG FINANCIAL | : | |
| MANAGEMENT, LLC, and | : | |
| PATRICIA MALLETTE, c/o TSG | : | |
| FINANCIAL MANAGEMENT, LLC | : | |
| Defendants. | : | |
| SANDY RICKETTS, | : | Civil Action |
| Plaintiff, | : | |
| v. | : | |
| CITY OF PHILADELPHIA, | : | No.: 2:15-cv-05036 TJS |
| c/o CITY LAW DEPARTMENT and | : | |
| COMCAST SPECTACOR, LP, and | : | |
| COMCAST SPECTACOR, INC., and | : | |
| GLOBAL SPECTRUM, LP, and  GLOBAL | : | |
| SPECTRUM, INC., and | : | |
| AEG LIVE PRODUCTIONS, LLC | : | |
| Defendants. | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE ACTIONS

Plaintiff, **SANDY RICKETTS** (hereinafter **"Plaintiff"**), by and through his undersigned attorneys, hereby files the instant Motion to Consolidate Actions, requesting that Plaintiff's action captioned at U.S. District Ct., E.D.Pa. **2:15-cv-05036 TJS** be

2

consolidated with Plaintiff's action captioned at U.S. District Ct., E.D.Pa.**2:15-cv-04726 TJS**

## I. Factual Background

Both cases arise from a single incident that occurred on July 17, 2013,, when Plaintiff, **SANDY RICKETTS**, while attending a Justin Bieber concert with her granddaughter at the Wells Fargo Center in Philadelphia, PA., fell over electrical cables inside the concert venue. Suit was filed initially in the Philadelphia Court of Common Pleas against the owners of the Wells Fargo Center and the Production company responsible for the concert, i.e.,Defendants, **CITY OF PHILADELPHIA, c/o CITY LAW DEPARTMENT, COMCAST SPECTACOR, LP, COMCAST SPECTACOR, INC., GLOBAL SPECTRUM, LP, GLOBAL SPECTRUM, INC., and AEG LIVE PRODUCTIONS, LLC** .

All of these Defendants, save AEG LIVE PRODUCTIONS, LLC, are citizens of the Commonwealth of Pennsylvania and County of Philadelphia, the jurisidiction where suit was filed.

During the course of discovery, Plaintiff was provided with the identities of other business entities who may have been responsible for laying the electrical cable that caused Plaintiff's fall. Plaintiff then filed a second action in the Philadelphia Court of Common Pleas, **SANDY RICKETTS v. BIEBER TIME TOURING, LLC c/o TSG FINANCIAL MANAGEMENT, LLC, BIEBER TIME MERCHANDISE, LLC c/o TSG FINANCIAL MANAGEMENT, LLC, JUSTIN BIEBER, c/o TSG FINANCIAL**

3

MANAGEMENT, LLC, and PATRICIA MALLETTE, c/o TSG FINANCIAL MANAGEMENT, LLC. with the intent of consolidating the two actions in the Philadelphia Court of Common Pleas.

This second lawsuit was removed to this Court by Defendants due to diversity of citizenship, and assigned case number 2:15-cv-04726 TJS . Subsequent to this removal, Defendant, AEG LIVE PRODUCTIONS, LLC, in the Philadelphia Court litigation, also removed that lawsuit to this Court based on diversity of citizenship and assigned case number: No.: 2:15-cv-05036 TJS.

This motion seeks consolidation of the two above-captioned actions, which arise out of the same incidents and involve "a common question of law or fact." See Fed.R.Civ.P. 42(a).  This Motion also seeks the remand of the consolidated cases back to the Philadelphia Court of Common Pleas, because the Defendants do not have proper removal jurisdiction under Federal Rule of Civil Procedure 1441 (b).

II. Argument

    a. The Cases should be consolidated because the actions involve a common question of law and fact and arise from the same incident.

Rule 42 (a) of the Federal Rules of Civil Procedure provides that:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed.R.Civ.P. 42(a).

The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971). Rule 42(a) permits a district court to consolidate separate actions when they involve "a common question of law or fact." Fed.R.Civ.P. 42(a). Even if there are some questions that are not common, consolidation is not precluded. Batazzi v. Petroleum Helicopters, Inc., 664 F.2d 49, 50 (5th Cir. 1981); See Central Motor Co. v. United States, 583 F.2d 470 (10th Cir. 1978).

Common questions of law and fact abound in these cases. Indeed, they allege the identical set of facts and circumstances, only against different parties. This case is therefore particularly appropriate for consolidation.

A court has broad discretion in determining whether consolidation is practical. Atlantic States Legal Foundation Inc. v. Koch Refining Co., 681 F. Supp 609, 615 (D. Minn. 1988). In exercising this discretion, a court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985); Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984). Consolidation offers efficiency and convenience in this case. Consolidation will also result in one trial which will bind all parties. This will save time and avoid unnecessary costs to the Defendants, the Plaintiff, and witnesses who would otherwise be required to testify in both cases, and this Honorable Court.

Consolidation will also not delay the disposition of this case. In fact, it will minimize delays. This motion/petition seeks a consolidation of these two cases under Fed.R.Civ.P. 42(a).

### b.  The Consolidated Cases Should Be Remanded to State Court pursuant to Federal Rule of Civil Procedure 1447(c).

Removal of a state case to the federal courts should not be granted lightly and removal jurisdiction based on diversity is controlled by Federal Rule of Civil Procedure 1441 (b) which provides as follows

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. **Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought**. (emphasis added)

In case No.: 2:15-cv-05036 TJS, Defendants, **CITY OF PHILADELPHIA, c/o CITY LAW DEPARTMENT, COMCAST SPECTACOR, LP, COMCAST SPECTACOR, INC., GLOBAL SPECTRUM, LP, and GLOBAL SPECTRUM, INC**., are all citizens and residents of the County of Philadelphia and Commonwealth of Pennsylvania, the forum state in which this action was originally brought.

In this case, five of the Defendants are citizens of the forum state in which this action was originally brought. The Defendants in this action do no have proper removal jurisdiction under Federal Rule of Civil Procedure 1441 (b), and these

6

consolidated cases should be remanded to the Philadelphia Court of Common Pleas for discovery and trial.  Since the consolidated case against the five Philadelphia Defendants was removed on September 9, 2015, this motion to remand has been filed in a timely manner and this Honorable Court should remand these consolidated cases to the Philadelphia Court of Common Pleas.

### III.  Conclusion

For these reasons ,Plaintiff respectfully requests this Honorable Court to enter an Order which consolidates the above two matters which arise out of the same incident and involve a common question of law or fact, and then remand the consolidated cases to the Philadelphia Court of Common Pleas for further proceedings, including discovery and trial.

Respectfully submitted,

JEFFREY R. LESSIN & ASSOCIATES, P.C.

By: */s/ Jeffrey R. Lessin*
JEFFREY R. LESSIN, ESQUIRE
MARK T. RICHTER, ESQUIRE
Pa. Atty Nos. 43801 and 45195
1515 Market Street, Suite 714
Philadelphia, Pa 19102
(215) 599-1400

October 9, 2015

Case 2:15-cv-04726-TJS    Document 13    Filed 10/09/15    Page 15 of 16

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this filing was sent, on the date set forth below, to the counsel set forth below. All other parties not served electronically were served in accordance with the Federal Rules of Civil Procedure. All other parties will be electronically served by the Court via the CM/ECF system.

Thomas M. Savon, Esquire
Naulty, Scaricamazza & McDevitt, LLC
1617 John F. Kennedy Boulevard
One Penn Center, Suite 750
Philadelphia, PA  19103

Karen E. Rompala, Esquire
City of Philadelphia Legal Department
One Parkway
1515 Arch Street
Philadelphia, PA  19102-1595

Brian J. McNulty, Esquire
Marshall, Dennehey, Warner,
Coleman & Goggin
620 Freedom Business Center, Suite 300
King of Prussia, PA  19406

Andrew Susko, Esquire
White & Williams
1650 Market Street
Suite 1800
Philadelphia, PA  19103

JEFFREY R. LESSIN & ASSOCIATES, P.C.

By:  /s/ Jeffrey R. Lessin
     JEFFREY R. LESSIN, ESQUIRE
     Attorney for Plaintiff

Dated: October 9, 2015